## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

            **v.**

PEDRO WIPP-KELLEY [2],

    **Defendant.**

**Criminal No.** 14-448 (FAB)

### MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is defendant Pedro Wipp-Kelley's pretrial motion to dismiss count three of the indictment, (Docket No. 110), and the United States' opposition, (Docket No. 115).  For the reasons that follow, the Court **DENIES** the defendant's motion to dismiss.

### I.  BACKGROUND

On July 17, 2014, a federal grand jury returned a three-count indictment against Pedro Wipp-Kelley ("Wipp").  (Docket No. 15.) Count three of the indictment alleges as follows:

> On or about July 12, 2014, in the District of Puerto Rico and elsewhere and within the jurisdiction of this Court, [defendant Wipp] did knowingly and intentionally possess a firearm, namely, one .40 caliber Smith & Wesson, Model SW40VE, Serial Number PBL5682; and two magazines containing a total of twenty-four (24) rounds of .40 caliber ammunition, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States; that is: the conspiracy to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug

Controlled Substance.  In violation of Title 18, United States Code, Section 924(c).

(Docket No. 15 at p. 3.)

On March 25, 2015, defendant Wipp moved to dismiss count three of the indictment.  (Docket No. 110.)  Defendant Wipp avers that the "in furtherance" element of 18 U.S.C. § 924(c) requires proof of a "facilitative nexus between the weapon and the criminal activity."  Id. at pp. 2-3.  He urges the Court to dismiss the 18 U.S.C. § 924(c) charge against him because "there is no evidence to show a connection between the firearm [seized] and the drugs." Id. at p. 2.

The United States opposes defendant Wipp's motion to dismiss. (Docket No. 115.)  The United States contends that there are "sufficient objective factors" to be considered regarding whether defendant Wipp possessed a firearm in furtherance of a drug trafficking crime, and that the evidence of that possession is an issue of fact that must submitted to a jury.  Id. at p. 7.

## II.  DISCUSSION

Pursuant to Federal Rule of Criminal Procedure 12(b)(1), a defendant "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  Fed. R. Crim. P. 12(b)(1).  For example, a defendant may argue in a pretrial motion that there is a defect in the indictment, such as a failure to state an offense.  Fed. R. Crim. P. 12(b)(3)(B)(v).  For an offense to be stated sufficiently and be

Criminal No. 14-448 (FAB)                                              3

facially valid, an indictment must "sketch[] out the elements of
the crime and the nature of the charge so that the defendant can
prepare a defense and plead double jeopardy in any future
prosecution for the same offense." United States v. Guerrier, 669
F.3d 1, 3 (1st Cir. 2011); accord United States v. Resendiz-Ponce,
549 U.S. 102, 108 (2007); see also Fed. R. Crim. P. 7 ("The
indictment . . . must be a plain, concise, and definite written
statement of the essential facts constituting the offense
charged.").

     "In the normal course of events, a facially valid indictment
returned by a duly constituted grand jury calls for a trial on the
merits." United States v. Stokes, 124 F.3d 39, 44 (1st Cir. 1997);
see Costello v. United States, 350 U.S. 359, 363 (1956).
Defendants may not "challenge indictments on the ground that they
are not supported by adequate or competent evidence" because
permitting this "would run counter to the whole history of the
grand jury institution." Costello, 350 U.S. at 364. Accordingly,
"courts routinely rebuff efforts to use a motion to dismiss as a
way to test the sufficiency of the evidence behind an indictment's
allegations." Guerrier, 669 F.3d at 4 (listing cases).

     Here, defendant Wipp does not suggest that count three of the
indictment is facially invalid. Indeed, count three sketches out
all elements of an 18 U.S.C. § 924(c) offense, including the
allegation that Wipp possessed a firearm "in furtherance of a drug

trafficking crime." <u>See</u> Docket No. 15 at p. 3; 18 U.S.C.
§ 924(c)(1)(A); <u>Guerrier</u>, 669 F.3d at 3.

Defendant Wipp instead invites the Court to dismiss count
three because there is "no evidence" to prove the "in furtherance"
element of the crime.  (Docket No. 110 at p. 2.)  Defendant Wipp is
essentially asking the Court to evaluate the sufficiency of the
evidence against him.  Entertaining the defendant's invitation at
this juncture would be improper.  <u>See</u> <u>Costello</u>, 350 U.S. at 364;
<u>Guerrier</u>, 669 F.3d at 4.  Rather than a pretrial motion to dismiss,
the proper procedure for challenging the sufficiency of the
government's evidence is a motion for acquittal pursuant to Federal
Rule of Criminal Procedure 29.  Defendant Wipp will be able to make
this motion only "[a]fter the government closes its evidence or
after the close of all the evidence."  Fed. R. Crim. P. 29(a).

### III.   CONCLUSION

For the reasons expressed above, the Court **DENIES** defendant
Wipp's motion to dismiss count three of the indictment, (Docket
No. 110).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 16, 2015.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE